**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ERIC DEWAYNE BURNS** | § | |
| | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:24-cv-00042-JCB-KNM** |
| | § | |
| | § | |
| **FAIRY JEAN BURNS,** *et al*. | § | |
| | § | |
| | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Dewayne Burns, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed the above-styled lawsuit on February 1, 2024. The case is referred in accordance with 28 U.S.C. § 636.

The original pleading stated that Plaintiff is suing Fairy Jean Burns in relation to a probate case. On February 14, 2024, the Court ordered Plaintiff to file an amended complaint within thirty days showing a basis for federal court subject matter jurisdiction. Plaintiff filed an amended complaint on March 8, 2024.

The amended complaint identifies Fairy Jean Burns as the only named defendant. Plaintiff provides Texas addresses for both himself and Ms. Burns. Plaintiff alleges that Defendant withheld the existence of a will and failed to notify him about the will's probate. Plaintiff asserts that he is an heir entitled to receive property. Plaintiff complains that he was not notified about the will or probate proceeding, even though Ms. Burns has his contact information. Plaintiff additionally complains about adverse rulings in state court. Plaintiff seeks a judgment for two-thirds of the estate.

The Court issued a Report and Recommendation on March 8, 2024, recommending dismissal of the complaint without prejudice for lack of subject matter jurisdiction. As stated, the amended complaint names only Fairy Jean Burns as the sole defendant. Plaintiff does not allege facts establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332, as all parties reside in Texas. Additionally, the amended complaint does not allege a federal cause of action against Ms. Burns providing a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff filed written objections to the Report on March 18, 2024. The objections, together with the attached memorandum, exceed the permissible page limit for written objections. *See* Local Rule CV-72(c). On the same date, without seeking leave of court, Plaintiff filed a second amended complaint. The pleading adds defendants and claims not previously asserted in the original complaint and amended complaint. Plaintiff states that he is seeking to set aside the relevant probate court and trial court judgments. He adds Ms. Burns' attorney, John Berry, and former judge Joel Baker, Judge Taylor Heaton, and Justice Greg Neeley as named defendants. Plaintiff asserts that the judges—the probate court judge, trial court judge, and appellate judge— associated with the probate matter at issue, acted under color of state law while depriving him of his constitutional due process rights. Plaintiff alleges that he is an heir in the matter probated, but Fairy Jean Burns withheld that information during probate and did not notify him of the pending probate case. Plaintiff submits that Joel Baker did not follow the law concerning publication and service, Judge Heaton erred by denying his contention that the will was forged and denied him a trial by jury, and Justice Neeley wrongly denied his appeal.

The second amended complaint identifies Texas addresses for all parties and does not show a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. The pleading similarly does not identify a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Presumably,

Plaintiff seeks relief against the judges, as state actors, pursuant to 42 U.S.C. § 1983. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986).

Plaintiff alleges that his constitutional rights were violated by rulings made by judges. Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (citing*, inter alia, Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 1105–07, 55 L.Ed.2d 331 (1978)). Judges enjoy absolute immunity due to the special nature of their responsibilities. *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978). The rationale for providing such absolute immunity from lawsuits stems from the fact that, without protection from retaliatory suits, a judge would lose the independence so necessary for the judiciary to be respectable and useful. *See Bradley v. Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1871).

A plaintiff must show that the actions complained of were non-judicial in nature or that the actions were taken in a complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). A judge's acts are "judicial in nature" if they are normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Id*. Further, when considering whether actions were judicial in nature, the Court "considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the

controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). "The four factors are to be broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take proper action might expose him to personal liability." *Id.* (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985, *cert. denied*, 474 U.S. 1101, 106 S.Ct. 883 (1986)).

Here, Plaintiff does not allege facts showing that the claims against former judge Joel Baker, Judge Heaton or Justice Neeley concern actions that are non-judicial in nature. Indeed, the complained-of actions by these judges precisely concern the handling of a probate case and rulings on Plaintiff's arguments made in the case. These acts are judicial acts normally performed by a judge. The complained-of conduct concerns normal judicial functions, taking place in the courtroom or chambers, centered on a pending case, and arising out of Plaintiff's interaction with these judges in their official capacity. Plaintiff has not alleged facts against these judges that would overcome judicial immunity and the claims against them should be dismissed with prejudice.

To the extent Plaintiff seeks a reversal of the existing probate court order, or the decisions in the trial court and appellate court, the complaint does not seek relief that is available to a plaintiff in a federal court. Federal courts lack subject matter jurisdiction to review a final state court proceeding in the absence of a federal statute specifically permitting it to do so. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317 (1983). No federal court, other than the Supreme Court, has the authority to review, modify, or nullify a state court judgment. *Johnson v. DeGandy*, 512 U.S. 997, 1006–07, 114 S.Ct. 2647, 2654 (1994). Plaintiff's claims appear to be "inextricably intertwined" with the rulings made in state court. *See*

*Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1316, n. 16.  As a result, the federal court does not have jurisdiction to consider these claims.  *See Chrissy F. by Medley v. Mississippi Dept. of Public Welfare*, 995 F.2d 595 (5th Cir. 1993).

## RECOMMENDATION

It is recommended that the claims against Fairy Jean Burns and John Berry be dismissed without prejudice for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).  It is further recommended that the claims against former judge Joel Baker, Judge Taylor Heaton and Justice Greg Neeley be dismissed with prejudice for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).  Written objections shall not exceed eight pages.  Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 19th day of March, 2024.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE