UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00042

**Eric Dewayne Burns,**
*Plaintiff,*

v.

**Fairy Jean Burns et al.,**
*Defendants.*

## ORDER

Plaintiff Eric Dewayne Burns, proceeding pro se and *in forma pauperis*, filed this action concerning a probate case in state court. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to a standing order.

On March 19, 2024, the magistrate judge issued an amended report recommending that the claims against Fairy Jean Burns and John Berry be dismissed without prejudice for lack of subject-matter jurisdiction and that the claims against Judge Joel Baker, Judge Taylor Heaton, and Justice Greg Neeley be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. 13. Plaintiff filed written objections. Doc. 16. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

In his objections, plaintiff argues that this court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because he asserts a claim pursuant to 18 U.S.C. § 242. Section 242 provides criminal penalties and does not provide a private cause of action. To the extent plaintiff seeks relief against state court judges pursuant to 42 U.S.C. § 1983, he has not alleged facts that could overcome judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 514 (1978). Plaintiff's allegations concern rulings by each judge that plaintiff claims applied the law improperly to the facts of his case. Plaintiff complains that Judge Baker failed to follow Texas Rules of Civil Procedure 109 and 109a. Doc. 16 at 3. As to Judge Heaton, plaintiff complains of

erroneously excluded evidence. *Id.* at 4–6. And he complains that Justice Neeley failed to correct these and other errors on appeal. *Id.* at 5. These actions are judicial in nature and are protected by absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Clearly, the judge was acting within his judicial capacity in his rulings . . . . The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity.").

Plaintiff submits that Fairy Jean Burns and her attorney, John Berry, committed fraud in the probate proceeding. Plaintiff does not assert a claim against them pursuant to federal law. *See Mills v. Criminal Dist. Ct. No. 3.*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys . . . are not official state actors, and generally are not subject to suit under section 1983"). Plaintiff also has not shown a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332, as he provides Texas addresses for these defendants. Plaintiff has not established federal subject-matter jurisdiction for the claims against these defendants.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Pursuant to 28 U.S.C. § 1915(e)(2), the court dismisses the claims against Fairy Jean Burns and John Berry without prejudice for lack of subject-matter jurisdiction and dismisses the claims against Judge Joel Baker, Judge Taylor Heaton, and Justice Greg Neely with prejudice for failure to state a claim upon which relief can be granted. Any motion not ruled on is denied as moot.

*So ordered by the court on May 21, 2024.*

J. CAMPBELL BARKER
United States District Judge